MARSH (DORSEY HARVESTER REVOLVING RAKE CO. v.). See Case No. 4,014.

MARSH (FOLSOM v.). See Case No. 4,901.

---

## Case No. 9,116.

MARSH et al. v. HULBERT et al.

[4 McLean, 364.][1]

Circuit Court, D. Illinois. June Term, 1848.

CONTINUANCE—DEPOSITION EXPECTED—DILIGENCE.

A deposition expected which may be material on the merits, and where proper diligence has been used, is a ground for the continuance of a cause.

[Cited in brief in Fisher v. Greene, 95 Ill. 95.]

[This was a suit by Marsh and Compton against Hulbert and Trumble.]

Mr. Edwards, for plaintiffs.
Mr. Kating, for defendants.

OPINION OF THE COURT. A motion for a continuance of this case is made on an affidavit that the goods sold by the plaintiffs to the defendants, for which the present action is brought, were of an inferior quality, were overcharged and not worth the prices charged. Also that a deposition is expected which will prove that one of the plaintiffs' witnesses denied what he has sworn to in his deposition.

This is opposed as there was no offer to return the goods—no special warranty, nor is fraud alleged. The object of the defendants is not to disaffirm the contract, but to show that more was charged for the goods than they were worth. We know not under what circumstances the goods were received, or whether the defects alleged were perceptible on a slight examination. It is said that a court will not grant a new trial on the ground that a witness examined can be impeached. Upon the whole, however, in this case, we think justice requires a continuance of the cause, unless the expected deposition shall be received so that the trial may be had at the present term.

---

MARSH (LORING v.). See Cases Nos. 8,514 and 8,515.

[1] [Reported by Hon. John McLean, Circuit Justice.]